UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANA KAE DARNELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No.  1:24-cv-00683-CDB (SS)<br><br>ORDER ON STIPULATION FOR AWARD OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)<br><br>(Doc. 18) |

　　　　Pending before the Court is the stipulated request of Plaintiff Lana Kae Darnell ("Plaintiff") for the award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $7,000.00 to counsel for Plaintiff, Francesco Benavides.[1]  (Doc. 18).

　　　　The parties agree that an award of attorney's fees to counsel for Plaintiff should be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the Commissioner shall cause the payment of fees, expenses, and costs to be made directly to Plaintiff's counsel, Francesco Benavides.  *Id*. at 2.

　　　　On October 11, 2024, the Court granted the parties' stipulated motion for a voluntary remand and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) to the

---

[1] Both parties have consented to the jurisdiction of a U.S. magistrate judge for all proceedings in this action, in accordance with 28 U.S.C. § 636(c)(1). (Doc. 10).

1  Commissioner for a favorable decision. (Doc. 16). Judgment was entered the same day. (Doc.
2  17). On October 15, 2024, Plaintiff filed the pending stipulation for attorney fees as a prevailing
3  party. (Doc. 18). *See Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party
4  who wins a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party).
5  Plaintiff's request is timely. *Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007). The
6  Commissioner does not oppose the requested relief. (Doc. 18).

7  The EAJA provides for an award of attorney fees to private litigants who both prevail in
8  civil actions (other than tort) against the United States and timely file a petition for fees. 28
9  U.S.C. § 2412(d)(1)(A). Under the EAJA, a court shall award attorney fees to the prevailing
10 party unless it finds the government's position was "substantially justified or that special
11 circumstances make such an award unjust." *Id*. Here, the government did not show its position
12 was substantially justified and the Court finds there are not special circumstances that would
13 make an award unjust. Moreover, the government does not oppose Plaintiff's stipulated request.
14 *See Sanchez v. Berryhill*, No. 1:16-cv-01081-SKO, 2018 WL 509817, at *2 (E.D. Cal. Jan. 23,
15 2018) (finding position of the government was not substantially justified in view of the
16 Commissioner's assent to remand); *Knyazhina v. Colvin*, No. 2:12–cv–2726 DAD, 2014 WL
17 5324302, at *1 (E.D. Cal. Oct. 17, 2014) (same).

18 Plaintiff requests an award of $7,000.00 in EAJA fees. (Doc. 18). The Ninth Circuit
19 maintains a list of the statutory maximum hourly rates authorized by the EAJA, adjusted for
20 increases in the cost of living, on its website. *See Thangaraja v. Gonzales*, 428 F.3d 870, 876-
21 77 (9th Cir. 2005). Even assuming Plaintiff's counsel seeks the published maximum hourly rate
22 ($244.62),[2] the requested award would amount to approximately 29 hours of attorney time (not
23 accounting for any paralegal time expended). The Court finds this reasonable and commensurate
24 with the number of hours an attorney would need to have spent reviewing the certified
25 administrative record in this case (596 pages; Doc. 11) and preparing a motion for summary
26 judgment that raises three issues for the Court's review. (Doc. 12 at 7). With respect to the

---

[2] *Statutory Maximum Rates Under the Equal Access to Justice*, available at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited October 23, 2024).

results obtained, Plaintiff's counsel obtained a judgment remanding the case for a fully favorable decision, finding the Plaintiff disabled as of her application date of April 10, 2020. (Docs. 15 at 2, 16, 17).

EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset Program ("TOP"), as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010). If the Commissioner determines upon effectuation of this order that Plaintiff's EAJA fees are not subject to any offset allowed under the TOP, the fees shall be delivered or otherwise transmitted to Plaintiff's counsel.

Accordingly, it is HEREBY ORDERED:

1. Plaintiff's stipulated request for attorney's fees pursuant to the EAJA (Doc. 18) is GRANTED; and

2. The Commissioner is directed to pay to Plaintiff as the prevailing party attorney fees in the amount of $7,000.00, pursuant to the terms set forth in the parties' stipulation. (Doc. 18). Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses, and costs to be made directly to Plaintiff's counsel, as set forth in the stipulation.

IT IS SO ORDERED.

Dated: **October 24, 2024**

UNITED STATES MAGISTRATE JUDGE